JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

Pamela Jackson and E. Lynn Schoenmann, in her capacity as trustee of the bankruptcy estate of Pamela Jackson

### DEFENDANTS

Wilson, Sonsini, Goodrich & Rosati Long Term Disability Plan, Prudential Insurance Company of America

**(b)** County of Residence of First Listed Plaintiff San Mateo
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Richard Johnston
131A Stony Circle, Suite 500
Santa Rosa, California 95401
(707) 577-7422

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 | Federal Question (U.S. Government Not a Party) |
| ☐ 2 | U.S. Government Defendant | ☐ 4 | Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                         and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury— Med. Malpractice<br>☐ 365 Personal Injury — Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br>**LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt.Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl.Ret. Inc. Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 445 Amer. w/Disabilities – Employment<br>☐ 446 Amer. w/Disabilities – Other<br>☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 463 Habeas Corpus – Alien Detainee<br>☐ 465 Other Immigration Actions | | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | | | Appeal to District |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | Transferred from ☐ 5 another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 USC sec. 1132

Brief description of cause:
claim for disability benefits under an ERISA plan and equitable surcharge against plan fiduciary

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23     DEMAND $ 313,000     CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

☒ SAN FRANCISCO/OAKLAND     ☐ SAN JOSE

DATE  March 17, 2008

SIGNATURE OF ATTORNEY OF RECORD  Richard Johnston

JS 44 Reverse (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**  **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**  **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**  **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**  **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**  **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**  **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**          Example:          U.S. Civil Statute: <u>47 USC 553</u>
                                                            Brief Description: <u>Unauthorized reception of cable service</u>

**VII.**  **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.
**Date and Attorney Signature.** Date and sign the civil cover sheet.

ORIGINAL
FILED

MAR 2 4 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1  Richard Johnston - SBN 124524
   131-A Stony Circle, Suite 500
2  Santa Rosa, California 95401
   Telephone (707) 577-7422
3  Facsimile (707) 837-9532

4

5  Attorney for Plaintiffs
   Pamela Jackson and
6  E. Lynn Schoenmann

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10 PAMELA JACKSON, and                    )   CV 08    1807
   E. LYNN SCHOENMANN, in her capacity as )   Case No.
11 trustee of the bankruptcy estate of Pamela )
   Jackson,                              )   COMPLAINT
12                                        )
              Plaintiffs,                 )                    EDL
13                                        )
          vs.                             )
14                                        )
   WILSON, SONSINI, GOODRICH & ROSATI    )
15 LONG TERM DISABILITY PLAN, PRUDENTIAL )
   INSURANCE COMPANY OF AMERICA,         )
16                                        )
              Defendants.                 )
17 _____   )

18        Plaintiffs allege:

19

20                    Jurisdiction and Venue

21        1.      This action arises under the Employee Retirement Income Security Act of 1974,

22 29 USC §1001 et seq. (ERISA) and more particularly 29 USC §§1132(a)(1)(B), 1132(a)(3),

23 and 1132(g). This court has jurisdiction in this matter under 29 USC §1132(e) and 28 USC

24 §1367(a). At relevant times, Ms. Jackson resided in Belmont, California, and the performance

25 of various of defendants' obligations, which obligations defendants failed and refused to

26 perform as herein alleged, was due at that location.

27 //

28

   _____
   **COMPLAINT**

## Factual Background

**2.**     Ms. Jackson, at relevant times, was an employee of Wilson Sonsini Goodrich & Rosati LLP (WSG&R).  As a function of this employment, Ms. Jackson was and is a qualified participant in and beneficiary of defendant Wilson Sonsini Goodrich & Rosati Long Term Disability Plan ("the Plan"), which was established and maintained by WSG&R for and on behalf of certain of its employees.  The Plan was funded through the purchase by WSG&R of a group long term disability insurance policy issued by defendant Prudential Insurance Company of America; the policy is referred to herein as the "Prudential policy."  In addition to issuing the policy, Prudential also acted as claims fiduciary for the Plan.  The Plan was and is an employee benefit plan as defined by 29 USC §1002(3).

**3.**     Plaintiff E. Lynn Schoenmann is the duly appointed bankruptcy trustee of the bankruptcy estate of Ms. Jackson in connection with proceedings currently pending before the United States Bankruptcy Court for the Northern District of California, and brings this action on behalf and for the benefit of the bankruptcy estate.  In her capacity as trustee, Ms. Schoenmann has asserted on behalf of the bankruptcy estate an interest in any recovery Ms. Jackson may stand to realize as a consequence of this action, in accordance with the respective interests of Ms. Jackson and the bankruptcy estate as those interests may appear or be adjudged at the appropriate time.

**4.**     Ms. Jackson currently suffers, and has suffered at relevant times, from serious and disabling illness and/or injury as a consequence of back conditions and injury to her spinal cord.  Her condition has rendered her disabled according to the terms of the Prudential policy and thereby eligible for benefits under the Plan.

**5.**     In March 1998, Ms. Jackson submitted to Prudential, in accordance with the terms of the Prudential policy and the Plan, a valid and payable claim for disability insurance

1   benefits.

2

3   **6.**      Prudential approved Ms. Jackson's claim and commenced payment of monthly

4   benefits to her.  However, in March 1999, Prudential improperly and unlawfully terminated

5   payment of benefits to Ms. Jackson.

6

7   **7.**      On May 21, 2003, Ms. Jackson's counsel sent to Prudential a letter appealing

8   the termination of her disability benefits.

9

10  **8.**      Prudential's decision on Ms. Jackson's first administrative appeal was issued on

11  June 23, 2003.  In this letter, Prudential advised that it was upholding the termination of Ms.

12  Jackson's disability insurance benefits based on its review of the merits of her claim; this

13  determination was improper, unlawful, and contrary to the evidence contained within the

14  materials assembled by or otherwise available to Prudential.  In connection therewith,

15  Prudential advised "You may again appeal this decision.  If you elect to do so, the appeal must

16  be made in writing by you or your authorized representative.  The appeal may identify the

17  issues and provide other comments or additional evidence you wish considered, as well as

18  any pertinent documents you may wish to examine."  Prudential's letter went on to advise of

19  the mailing address to which the contemplated appeal should be submitted, and did not

20  invoke, cite, or otherwise impose any time limit for the submission of the appeal.  Nor did

21  Prudential invoke or cite any legal or contractual time limitation for the commencement of

22  litigation.

23

24  **9.**      On August 7, 2003, Ms. Jackson's counsel, in accordance with the statements

25  contained in Prudential's June 23 letter, submitted to Prudential a second appeal of the

26  termination of Ms. Jackson's disability insurance benefits.

27

28

COMPLAINT                                     3

1      **10.**    On October 11, 2003, Prudential issued its decision on Ms. Jackson's second

2    administrative appeal.  In this letter, Prudential advised that it was upholding the termination of

3    Ms. Jackson's disability insurance benefits based on its review of the merits of her claim; this

4    determination was improper, unlawful, and contrary to the evidence contained within the

5    materials assembled by or otherwise available to Prudential.  In connection therewith,

6    Prudential advised "You may appeal this decision to Prudential Insurance Company's appeals

7    committee for a final decision."  Prudential's letter went on to advise of the mailing address to

8    which the contemplated final appeal should be submitted, and did not invoke, cite, or

9    otherwise impose any time limit for the submission of the appeal.  Nor did Prudential invoke or

10    cite any legal or contractual time limitation for the commencement of litigation.

11

12      **11.**    On November 19, 2003, Prudential wrote to Ms. Jackson's counsel, advising it

13    had received information from one of Ms. Jackson's medical providers and inquiring whether

14    "this information is to be reviewed for an appeal of your claim."  Prudential's November 19

15    letter did not invoke, cite, or otherwise impose any time limit for the submission of the appeal.

16    Nor did Prudential invoke or cite any legal or contractual time limitation for the commencement

17    of litigation.

18

19      **12.**    On December 9, 2003, Ms. Jackson's counsel wrote to Prudential, advising that

20    the material Prudential had described in its November 19 letter should be considered by

21    Prudential in connection with a final appeal of the termination of Ms. Jackson's disability

22    insurance benefits.

23

24      **13.**    On December 16, 2003, Prudential wrote to Ms. Jackson's counsel, advising:

25        We are in receipt of your request for reconsideration of Ms. Jackson's claim.  We are
         currently performing a thorough evaluation of the information currently within her file.

26        Should there be any additional information you would like to submit, please forward it to
         our office promptly.  We will contact you within 30 days with the status of our evaluation

27        if a decision has not yet been rendered.

28

1    Prudential's December 16 letter did not invoke, cite, or otherwise impose any time limit

2    (beyond a request that information be submitted "promptly") for the submission of the appeal.

3    Nor did Prudential invoke or cite any legal or contractual time limitation for the commencement

4    of litigation.

5

6         **14.**     On January 7, 2004, Prudential wrote to Ms. Jackson's counsel, advising it had

7    "completed [its] review of Ms. Jackson's third request for reconsideration," and that it had

8    again upheld the termination of her disability insurance benefits. This determination was

9    improper, unlawful, and contrary to the evidence contained within the materials assembled by

10    or otherwise available to Prudential. Prudential also stated in its letter that its decision was

11    final and could not be further appealed. Prudential's letter did not invoke or cite any legal or

12    contractual time limitation for the commencement of litigation.

13

14         **15.**     On January 30, 2004, Ms. Jackson's counsel left a telephone message in

15    Prudential's voice mail system, advising that the submission of material in connection with Ms.

16    Jackson's third appeal had not yet been completed and that there was additional information

17    counsel desired to submit. Counsel followed up with a letter the same day, in which she

18    confirmed Prudential's return telephone call in which Prudential had agreed that additional

19    information could be submitted by or on behalf of Ms. Jackson in support of her third appeal.

20    In its communications with Ms. Jackson and her counsel relating to this subject matter,

21    Prudential never invoked, cited, or otherwise imposed any time limit for the submission or

22    completion of the appeal. Nor did Prudential invoke or cite any legal or contractual time

23    limitation for the commencement of litigation.

24

25         **16.**     Ms. Jackson thereafter retained new counsel in connection with her disability

26    insurance claim to Prudential. On February 25, 2004, her new counsel requested from

27    Prudential a complete copy of the claim file Prudential had generated and related

28

1  documentation. On March 23, 2004, Prudential responded, providing a copy of the file to

2  counsel. In connection with this transaction, Prudential never invoked, cited, or otherwise

3  imposed any time limit for the submission or completion of the appeal. Nor did Prudential

4  invoke or cite any legal or contractual time limitation for the commencement of litigation.

6  **17.**    On October 7, 2006, Jackson counsel wrote to Prudential, advising:

As your file will indicate, I represent Ms. Jackson respecting the referenced matter. I am writing to perfect a final administrative appeal on her behalf, for consideration by Prudential's appeals committee, as contemplated by your correspondence of October 11, 2003.

Although her claim was initially approved, Ms. Jackson's benefits were terminated effective March 31, 1999, as discussed in Prudential's correspondence of March 23, 1999. This termination was affirmed on administrative appeal on June 23, 2003; it was affirmed again in your October 11 correspondence. On January 7, 2004 (in a letter erroneously dated January 7, 2003), Prudential affirmed this decision yet again in what it termed its review on Ms. Jackson's third request for reconsideration; however, this decision was subsequently withdrawn after Ms. Jackson's attorney at the time indicated she desired to submit additional information before the appeals committee rendered a final decision. Prudential agreed to await the submission of Ms. Jackson's final appeal, which is the purpose of this letter.

The submission of this appeal has been delayed because, as she predicted in discussions with Prudential during the pendency of her earlier administrative appeals, Prudential's termination of disability benefits forced Ms. Jackson into bankruptcy. For the better part of the last couple of years, her bankruptcy petition has been before the United States Bankruptcy Court for the Northern District of California, and her disability claim was asserted by one or more creditors to be an asset of her bankruptcy estate. Consequently, we have been unable to proceed with this final administrative appeal until we received instructions to do so from the bankruptcy trustee and the judge assigned to the case, or until the bankruptcy proceedings concluded and a discharge was effected. Because that has finally been accomplished, we are now able to proceed and to submit the instant appeal.

**18.**    On December 20, 2006, Prudential wrote to Jackson counsel, advising it was upholding the termination of her disability insurance benefits on final administrative appeal. Prudential's decision was rendered based on its evaluation of the merits of Ms. Madrid's claim, and was improper, unlawful, and contrary to the evidence contained within the materials assembled by or otherwise available to Prudential. Prudential also advised "This is the final level of appeal. If you still disagree with the above decision, you may file a lawsuit under the Employee Retirement Income Security Sct (ERISA). ERISA allows you to file suit for policy

1   benefits and reasonable attorney's fees." In its December 20 letter, Prudential never invoked,

2   cited, or otherwise imposed any time limit for the submission or completion of the appeal. Nor

3   did Prudential invoke or cite any legal or contractual time limitation for the commencement of

4   litigation.

5

6       **19.**    On January 11, 2007, Prudential wrote to Jackson counsel in response to

7   counsel's previous request for an updated copy of file materials. Prudential's January 11 letter

8   stated:

9       Per your request, enclosed is a complete copy of Pam Jackson's Long Term Disability
        (LTD) claim file including all medical records, SOAP notes, correspondence, and
10      telephone call logs. We have also enclosed a copy of Group Policy #99605 issued to
        Wilson Sonsini Goodrich & Rosati. Our claim determinations have been made based on
11      our review of all of the information contained in the claim file and the provisions of the
        Group Policy. These items represent the relevant information utilized by Prudential in
12      making the determination on Ms. Jackson's claim.

13  In its January 11 letter, Prudential never invoked, cited, or otherwise imposed any time limit for

14  the submission or completion of the appeal. Nor did Prudential invoke or cite any legal or

15  contractual time limitation for the commencement of litigation.

16

17      **20.**    As counsel's October 7 letter had indicated, the bankruptcy proceedings had

18  been concluded and a discharge issued at the time of the letter. However, on January 25,

19  2007, the court in which Ms. Jackson's bankruptcy matter had been pending issued an order

20  stating "Notice is given that through inadvertence and clerical error, a Final Decree was

21  entered on 8/28/06, in the above-entitled Chapter 7 case. [¶] It is hereby ordered that the Final

22  Decree is vacated and case is reopened."

23

24      **21.**    On January 24, 2008, the bankruptcy court issued an order authorizing Ms.

25  Schoenmann to employ special counsel - the undersigned - for the purpose of litigating this

26  matter on behalf of Ms. Schoenmann, as her interest as Trustee of Ms. Jackson's bankruptcy

27  estate may appear or be adjudged at appropriate times.

28

**First Cause of Action**
**By Ms. Jackson and Ms. Schoenmann**
**Against Prudential and the Plan**
**To Recover Benefits Due Under an ERISA Plan**
**Pursuant to 29 USC §1132(a)(1)(B)**
**and Attorney Fees and Costs Pursuant to 29 USC §1132(g)**

22.    Plaintiffs refer to each and every foregoing paragraph of this complaint and incorporate those paragraphs as though set forth in full in this cause of action.

23.    As a direct and proximate result of the improper acts and/or omissions herein alleged, Ms. Jackson has had benefits wrongfully withheld from her under the terms of the Prudential policy and the Plan.

24.    As a direct and proximate result of the improper acts and/or omissions herein alleged, Ms. Schoenmann, in her capacity as Trustee of Ms. Jackson's bankruptcy estate, has been deprived of proceeds of the Prudential policy and Plan, which should have been available to the bankruptcy estate.

25.    As a direct and proximate result of the improper acts and/or omissions herein alleged, Plaintiffs have been compelled to incur reasonable attorney fees and other costs associated with the investigation of this claim and the prosecution of this action.

**Second Cause of Action**
**By Ms. Jackson**
**Against Prudential**
**For Breach of Fiduciary Duties and**
**Imposition of Equitable Surcharge**
**Pursuant to 29 USC §1132(a)(3)**

26.    Ms. Jackson refers to each and every foregoing paragraph of this complaint and incorporates those paragraphs as though set forth in full in this cause of action.

27.    In its capacity as claims fiduciary, Prudential owed to Ms. Jackson certain

COMPLAINT                                        8

1  fiduciary duties, among them that Prudential discharge its duties:

2  •  for the exclusive purposes of providing benefits to participants and beneficiaries

3  and defraying reasonable expenses of administering the Plan;

4  •  with the care, skill and diligence under the circumstances that a prudent man

5  acting in a like capacity and familiar with such matters would use in the conduct

6  of an enterprise of a like character and with like aims;

7  •  and in accordance with the documents and instruments governing the Plan.

8

9  **28.**  Prudential's acts and omissions as alleged herein constitute a breach of its

10  fiduciary duties owed to Ms. Jackson.

11

12  **29.**  As a direct and proximate result of Prudential's breach of its fiduciary duties as

13  herein alleged, Ms. Jackson has incurred consequential financial losses and Prudential has

14  realized gains, meriting the imposition of an equitable surcharge against Prudential.

15

16  **WHEREFORE,** Plaintiffs pray for judgment as follows:

17

18  AS TO THE FIRST CAUSE OF ACTION:

19  **1.**  An award of all LTD benefits wrongfully withheld, with pre-judgment and post-

20  judgment interest thereon;

21

22  **2.**  An award of attorney fees and costs of suit as authorized by statute;

23

24  **3.**  For such other and further relief as the court may deem proper.

25

26  AS TO THE SECOND CAUSE OF ACTION:

27  **4.**  Imposition of an equitable surcharge, payable to Ms. Jackson, against

28

1  Prudential, in an amount sufficient to fully compensate her for the consequences of

2  Prudential's breach measured by financial loss to Ms. Jackson and gain realized by Prudential;

3

4        5.      For such other and further relief as the court may deem proper.

5

6

7  Dated: March 19, 2008

8

9                                    Richard Johnston
                                     Attorney for Plaintiffs
10                                   Pamela Jackson and
                                     E. Lynn Schoenmann
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT                                        10