1   MORGAN, LEWIS & BOCKIUS LLP
    DONALD P. SULLIVAN, State Bar No. 191080
2   One Market, Spear Street Tower
    San Francisco, CA  94105-1126
3   Tel:  415.442.1000
    Fax:  415.442.1001
4
    Attorneys for Defendants
5   WILSON, SONSINI, GOODRICH & ROSATI
    LONG TERM DISABILITY PLAN and THE
6   PRUDENTIAL INSURANCE COMPANY OF
    AMERICA
7

8                   UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 10  PAMELA JACKSON, and E. LYNN SCHOENMANN, in her capacity as trustee 11  of the bankruptcy estate of Pamela Jackson, <br><br> 12                              Plaintiffs, <br><br> 13             vs. <br><br> 14  WILSON, SONSINI, GOODRICH & ROSATI LONG TERM DISABILITY 15  PLAN and PRUDENTIAL INSURANCE COMPANY OF AMERICA, <br> 16 <br>                              Defendants. <br> 17 | Case No. CV 08 1607 <br><br> **ANSWER OF DEFENDANTS WILSON, SONSINI, GOODRICH & ROSATI LONG TERM DISABILITY PLAN AND THE PRUDENTIAL INSURANCE COMPANY OF AMERICA TO PLAINTIFF'S COMPLAINT** |

18       DEFENDANTS WILSON, SONSINI, GOODRICH & ROSATI LONG TERM

19   DISABILITY PLAN ("Plan") and THE PRUDENTIAL INSURANCE COMPANY OF

20   AMERICA ("Prudential") (collectively, "Defendants") answer the Complaint ("Complaint") of

21   plaintiffs PAMELA JACKSON ("Jackson") and E. LYNN SCHOENMANN ("Schoenmann")

22   (collectively, "Plaintiffs") as follows:

23       1.    Responding to the allegations contained in the first and second sentences of

24   Paragraph 1 of the Complaint, Defendants do not dispute that this action arises under the

25   Employee Retirement Income Security Act of 1974, or that this Court has jurisdiction over this

26   action.  Defendants are without sufficient information to either admit or deny the allegations

27   contained in the third sentence of Paragraph 1 of the Complaint, and on that ground deny each

28   and every such allegation.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ANSWER
(CV 08 1607)

1    2.    Responding to the allegations contained in the first sentence of Paragraph 2 of the

2    Complaint, Defendants are without sufficient information to either admit or deny the allegations,

3    and on that ground deny each and every such allegation.  The statements contained in the second

4    sentence of Paragraph 2 of the Complaint constitute legal argument rather than factual

5    allegations, thereby requiring no answer.  To the extent said statements could be construed as

6    containing factual allegations, Defendants deny each and every such allegation.  Responding to

7    the allegations contained in the third sentence of Paragraph 2 of the Complaint, Defendants are

8    without sufficient information to either admit or deny the allegations, and on that ground deny

9    each and every such allegation, except admit that the Plan was funded at one time by am

10   insurance policy issued by Prudential.  The statements contained in the fourth and fifth sentences

11   of Paragraph 2 of the Complaint constitute legal argument rather than factual allegations, thereby

12   requiring no answer.  To the extent said statements could be construed as containing factual

13   allegations, Defendants deny each and every such allegation.

14   3.    Defendants are without sufficient information to either admit or deny the

15   allegations contained in Paragraph 3 of the Complaint, and on that ground deny each and every

16   such allegation.

17   4.    The statements contained in Paragraph 4 of the Complaint constitute legal

18   argument rather than factual allegations, thereby requiring no answer.  To the extent said

19   statements could be construed as containing factual allegations, Defendants deny each and every

20   such allegation.

21   5.    The statements contained in Paragraph 5 of the Complaint constitute legal

22   argument rather than factual allegations, thereby requiring no answer.  To the extent said

23   statements could be construed as containing factual allegations, Defendants deny each and every

24   such allegation.

25   6.    Defendants admit that Prudential approved Jackson's initial claim for benefits and

26   commenced payment of monthly benefits to her as alleged in the first sentence of Paragraph 6.

27   The statements contained in the second sentence of Paragraph 6 constitute legal argument rather

28   than factual allegations, thereby requiring no answer.  To the extent said statements could be

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

ANSWER
(CV 08 1607)

1    construed as containing factual allegations, Defendants deny each and every such allegation.

2    7.    Defendants deny the allegations contained in Paragraph 7 of the Complaint.

3    8.    Defendants admit that Prudential issued its decision on Jackson's first

4    administrative appeal on June 23, 2003 as alleged in the first sentence of Paragraph 8.

5    Defendants deny the remaining allegations contained in Paragraph 8 of the Complaint, except

6    admit that Prudential provided Jackson with an address to where any appeal could be sent.

7    9.    Defendants admit the allegations contained in Paragraph 9 of the Complaint.

8    10.    Defendants admit that Prudential issued a decision on Jackson's second

9    administrative appeal on October 11, 2003.  Defendants deny the remaining allegations contained

10    in Paragraph 8 of the Complaint, except admit that Prudential provided Jackson with an address

11    to where any appeal could be sent.

12    11.    Defendants deny the allegations contained in Paragraph 11 of the Complaint,

13    except admit Prudential sent Jackson a letter dated November 19, 2003.

14    12.    Defendants deny the allegations contained in Paragraph 12 of the Complaint.

15    13.    Defendants deny the allegations contained in Paragraph 13 of the Complaint,

16    except admit Prudential sent Jackson a letter dated December 16, 2003.

17    14.    Defendants deny the allegations contained in Paragraph 14 of the Complaint,

18    except admit that Prudential sent Jackson a letter dated January 7, 2004 advising her that it had

19    completed its review of her third appeal, was upholding its initial decision to deny her claim, and

20    that she had exhausted her administrative remedies under the terms of the Plan and could bring a

21    lawsuit for benefits under ERISA.

22    15.    Defendants deny the allegations contained in Paragraph 15 of the Complaint,

23    except admit that Jackson's counsel left a voicemail with Prudential's system on January 30, 2004

24    and that Jackson's counsel sent a letter regarding the telephone call the same day.

25    16.    Defendants are without sufficient information to either admit or deny the

26    allegations contained in Paragraph 16 of the Complaint, and on that ground deny each and every

27    such allegation, except admit that Prudential provided a copy of Jackson's claim file to her

28    counsel on March 23, 2004.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

ANSWER
(CV 08 1607)

1    17.    Defendants deny the allegations contained in Paragraph 17 of the Complaint,

2    except admit that Jackson's new counsel sent Prudential a letter dated October 7, 2006.

3    18.    Defendants deny the allegations contained in Paragraph 18 of the Complaint,

4    except admit that Prudential sent a letter to Jackson's counsel dated December 20, 2006.

5    19.    Defendants deny the allegations contained in Paragraph 19 of the Complaint,

6    except admit Prudential sent a letter to Jackson's counsel dated January 11, 2007.

7    20.    Defendants are without sufficient information to either admit or deny the

8    allegations contained in Paragraph 20 of the Complaint, and on that ground deny each and every

9    such allegation.

10    21.    Defendants are without sufficient information to either admit or deny the

11    allegations contained in Paragraph 21 of the Complaint, and on that ground deny each and every

12    such allegation.

13    22.    In responding to Paragraph 22 of the Complaint, Defendants incorporate by

14    reference its responses to Paragraphs 1 through 21 above.

15    23.    The statements contained in Paragraph 23 of the Complaint constitute legal

16    argument rather than factual allegations, thereby requiring no answer.  To the extent said

17    statements could be construed as containing factual allegations, Defendants deny each and every

18    such allegation.

19    24.    The statements contained in Paragraph 24 of the Complaint constitute legal

20    argument rather than factual allegations, thereby requiring no answer.  To the extent said

21    statements could be construed as containing factual allegations, Defendants deny each and every

22    such allegation.

23    25.    The statements contained in Paragraph 25 of the Complaint constitute legal

24    argument rather than factual allegations, thereby requiring no answer.  To the extent said

25    statements could be construed as containing factual allegations, Defendants deny each and every

26    such allegation.

27    26.    In responding to Paragraph 26 of the Complaint, Defendants incorporate by

28    reference its responses to Paragraphs 1 through 25 above.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

ANSWER
(CV 08 1607)

27.    The statements contained in Paragraph 27 of the Complaint constitute legal argument rather than factual allegations, thereby requiring no answer.  To the extent said statements could be construed as containing factual allegations, Defendants deny each and every such allegation.

28.    The statements contained in Paragraph 28 of the Complaint constitute legal argument rather than factual allegations, thereby requiring no answer.  To the extent said statements could be construed as containing factual allegations, Defendants deny each and every such allegation.

29.    The statements contained in Paragraph 29 of the Complaint constitute legal argument rather than factual allegations, thereby requiring no answer.  To the extent said statements could be construed as containing factual allegations, Defendants deny each and every such allegation.

The statements set forth in Plaintiff's Prayer for Relief constitute claims for relief and legal contentions, rather than factual allegations, thereby requiring no answer.  To the extent that any such statements are construed to contain allegations of fact, Defendants deny each and every such allegation.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint, and each purported cause of action contained therein, fails to state facts sufficient to constitute a claim or claims upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' Complaint, and each purported cause of action contained therein, is barred by the doctrine of estoppel.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' Complaint, and each purported cause of action contained therein, is barred by

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ANSWER
(CV 08 1607)

1    the doctrine of waiver because of Plaintiffs' own conduct, acts, and omissions.

2

3                          **FOURTH AFFIRMATIVE DEFENSE**

4         Plaintiffs' Complaint, and each purported cause of action contained therein, is barred by

5    the doctrine of unclean hands.

6

7                          **FIFTH AFFIRMATIVE DEFENSE**

8         Plaintiffs' Complaint, and each purported cause of action contained therein, is barred by

9    the doctrine of laches.

10

11                         **SIXTH AFFIRMATIVE DEFENSE**

12        Any recovery by Plaintiff is limited to the relief available under ERISA Section

13   502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).

14

15                        **SEVENTH AFFIRMATIVE DEFENSE**

16        Plaintiff's Complaint, and its purported causes of action therein, fails to state a claim

17   under ERISA Section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), to the extent that Plaintiff is

18   seeking prejudgment interest or other relief not available under ERISA.

19

20                         **EIGHTH AFFIRMATIVE DEFENSE**

21        Plaintiff's Complaint fails to state a claim under ERISA Section 502(a)(1)(B), 29 U.S.C. §

22   1132(A)(1)(B), because Plaintiff has already received all of the benefits to which she was

23   entitled.

24

25                         **NINTH AFFIRMATIVE DEFENSE**

26        Defendants require a claimant to provide proof of disability.  Plaintiff did not provide

27   adequate proof of disability within the meaning of the Policy, making Plaintiff not entitled to Plan

28   benefits.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

                                              6                                        ANSWER
                                                                                      (CV 08 1607)

1

### TENTH AFFIRMATIVE DEFENSE

2      Defendants' obligations, if any, to Plaintiffs are governed and limited by the terms,

3   definitions, exclusions, conditions, and limitations contained in the Plan.

4

5

### ELEVENTH AFFIRMATIVE DEFENSE

6      The Complaint, and each purported cause of action contained therein, is barred in that it

7   seeks payment, reimbursement, contribution, or indemnification for, or is based on, losses that are

8   not covered or that are excluded from coverage under the terms, definitions, exclusions,

9   conditions, and limitations contained in the Policy.

10

11

### TWELFTH AFFIRMATIVE DEFENSE

12      Plaintiffs have failed to satisfy the terms and/or conditions of the Policy, including, but

13   not limited to, failing to provide timely written proof of loss and failing to cooperate during the

14   claims review process.

15

16

### THIRTEENTH AFFIRMATIVE DEFENSE

17      Defendants have fully performed all obligations, both express and implied, owed to

18   Plaintiffs under the Policy and applicable law.

19

20

### FOURTEENTH AFFIRMATIVE DEFENSE

21      To the extent that a court holds that Plaintiff is entitled to benefits, which Defendants deny

22   she is, Defendants are entitled to a set-off for any additional other income benefits that should be

23   taken into account in calculating her LTD benefits, including but not limited to any benefits she

24   has received from the Social Security Administration or Worker's Compensation Appeals Board.

25

26

### FIFTEENTH AFFIRMATIVE DEFENSE

27      Plaintiffs' Complaint, and each purported cause of action contained therein, is barred in

28   whole or in part by the statute of limitations.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

ANSWER
(CV 08 1607)

1

**SIXTEENTH AFFIRMATIVE DEFENSE**

2    Plaintiffs' second cause of action fails as a matter of law because it seeks relief not

3    available under ERISA § 205(a)(3). 29 U.S.C. § 1132(a)(3).

4

5

**SEVENTEENTH AFFIRMATIVE DEFENSE**

6    Because Plaintiffs' Complaint is vague, ambiguous, uncertain, mispled, and couched in

7    conclusory terms, Defendants cannot fully anticipate all defenses that may be applicable to this

8    action.  Accordingly, Defendants reserve the right to assert additional defenses if and to the extent

9    that such defenses are applicable.

10

11    WHEREFORE, Defendants pray for judgment as follows:

12    1.    That Plaintiffs take nothing by the Complaint and judgment be entered for

13    Defendants;

14    2.    That Defendants be awarded all costs of suit incurred herein;

15    3.    That Defendants be awarded all reasonable attorneys' fees; and

16    4.    That Defendants be granted such other and further relief as the Court deems just

17    and proper.

18

19    Dated:  June 17, 2008                    MORGAN, LEWIS & BOCKIUS LLP

20                                             By:    /S/ Donald P. Sullivan
                                                      Donald P. Sullivan
21                                                    Attorneys for Defendants
                                                      WILSON, SONSINI, GOODRICH &
22                                                    ROSATI LONG TERM DISABILITY
                                                      PLAN and PRUDENTIAL INSURANCE
23                                                    COMPANY OF AMERICA

1-SF/7685584.3
24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ANSWER
                                                      (CV 08 1607)