Tad A. Devlin (SBN 190355)
E.J. Kim (SBN 250062)
Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, California 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

Attorneys for Defendants
Wilson, Sonsini, Goodrich & Rosati
Long Term Disability Plan
and
The Prudential Insurance Company of America

Richard Johnston - SBN 124524
131-A Stony Circle, Suite 500
Santa Rosa, California 95401
Telephone (707) 577-7422
Facsimile (707) 837-9532

Attorney for Plaintiffs
Pamela Jackson and
E. Lynn Schoenmann

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA JACKSON, and<br>E. LYNN SCHOENMANN, in her capacity as<br>trustee of the bankruptcy estate of Pamela<br>Jackson,<br><br>                    Plaintiffs,<br><br>          vs.<br><br>WILSON, SONSINI, GOODRICH & ROSATI<br>LONG TERM DISABILITY PLAN, PRUDENTIAL<br>INSURANCE COMPANY OF AMERICA,<br><br>                    Defendants.<br>_____ | Case No. CV8-01607 (JSW)<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:      **September 12, 2008**<br>Time:      **1:30 p.m.**<br>Dept.:     **2**<br>Judge:     **Hon. Jeffrey S. White** |

Plaintiffs Pamela Jackson and E. Lynn Schoenmann ("plaintiffs") and defendants

Wilson, Sonsini, Goodrich & Rosati Long Term Disability Plan and The Prudential Insurance

Company of America (collectively referred to as "defendants") jointly submit this Case

JOINT CASE MANAGEMENT STATEMENT

Management Statement pursuant to Civil Local Rule 16-9 and the court's standing orders.

### 1.    Jurisdiction and Service.

The court has subject matter jurisdiction over this case pursuant to 28 USC section 1331, because relief is sought under an employee welfare benefit plan governed by ERISA, 29 USC section 1001 *et seq.,* thereby presenting a federal question.  All parties have been served and have appeared.

### 2.    Facts.

#### Plaintiffs' statement of the case:

Ms. Jackson became disabled as a result of chronic back problems and an injury she suffered to her spine during a medical procedure in November 1995.  She submitted a claim for long term disability (LTD) benefits under the LTD plan sponsored by her employer, Wilson, Sonsini, Goodrich & Rosati LLP and insured by defendant Prudential Insurance Company of America.  After paying benefits for a brief period of time, in March 1999 Prudential terminated benefits and upheld the termination of benefits in subsequent administrative appeals.  Ms. Jackson contends the termination of LTD benefits was unlawful and an abuse of discretion. Following the termination of benefits, Ms. Jackson declared personal bankruptcy.  The bankruptcy trustee, plaintiff Schoenmann, contends Ms. Jackson's claim for LTD benefits is an asset of the bankruptcy estate, and so joins in this action as a plaintiff on behalf of the estate.

#### Defendants' Statement of the Case:

Defendants contend the decision to terminate plaintiff's claim for long term disability benefits was correct.  Plaintiff's claim for long term disability benefits was terminated because it was determined plaintiff was not disabled from performing the material and substantial duties of her own occupation.  The medical evidence pertaining to plaintiff did not support a functional impairment that would prevent plaintiff from performing the material and substantial duties of

1    her own occupation.

2        Defendants contend that, based on a review of the Administrative Record, plaintiff was

3    not eligible to receive benefits beyond April 20, 1999 because she was not disabled from

4    performing the material and substantial duties of her own occupation.  The Administrative

5    Record shows plaintiff was not eligible for coverage pursuant to the terms of her Plan and

6    defendants' decision was proper.

7        Defendants contend Ms. Jackson's bankruptcy was unrelated to the termination of LTD

8    benefits.

9

10        **3.    Issues in Dispute.**

11            **Factual issues in dispute:**

12        Whether plaintiff meets the Plan's definition of disability.

13

14            **Legal issues in dispute:**

15        Ms. Jackson contends the court should evaluate the lawfulness of the termination of

16    benefits by considering and weighing all relevant factors, within and without the claim file

17    produced by defendants, pursuant to *Metropolitan Life Ins. Co. v. Glenn,*  – U.S. –, 128 S.Ct.

18    2343 (2008)**,** and *Abatie v. Alta Life & Health Ins. Co.,* 458 F.3d 955 (9th Cir. 2006) (*en banc.).*

19    She contends that discovery into all relevant factors is appropriate, and that discovery should

20    be governed by Rule 26 of the Federal Rules of Civil Procedure, just as in any other civil

21    action.

22        Defendants contend the court should review defendants' decision to terminate benefits

23    for abuse of discretion.  The court's review is limited to the Administrative Record and no

24    discovery is permissible under ERISA.

25        The parties continue to discuss a potential stipulation respecting standard of review and

26    associated discovery issues, and will promptly advise the court if an agreement on these

27    matters is achieved.

28

Absent a stipulation, plaintiffs contend these matters may be addressed in preliminary motions respecting the standard and scope of adjudication, should it please the court. Defendants contend preliminary motions on these issues are unnecessary because the matters can be addressed concurrently with the hearing on the merits.

### 4.    Motions.

There are no prior or pending motions.

The parties anticipate this matter will be tried via cross-motions for judgment pursuant to Rule 52.  Plaintiff contends there may also be discovery motions related to requests to be made by plaintiff, or as appropriate to delineate the standard or scope of adjudication. Defendants disagree and contend discovery is inappropriate as discussed in section 8 below, and that standard of review issues may be addressed concurrently with the hearing on the merits.  Some or all of these questions may be resolved if the parties are able to achieve a stipulation; please see section 3 above.

### 5.    Amendment of Pleadings.

Not applicable.

### 6.    Evidence Preservation.

Plaintiffs have not destroyed and will not destroy any evidence in their possession or control relevant to the issues reasonably evident in this action.  As an individual plaintiff, Ms. Jackson has no document-destruction program or other ongoing systematic erasures of e-mails, voice mails, and the like.

Defendants have preserved all evidence relating to Ms. Jackson's claim, which is contained within the administrative record.

//

//

**7.    Disclosures.**

The parties will exchange initial disclosures on or before September 29, 2008.

**8.    Discovery.**

Plaintiffs contend discovery into all relevant factors, within and without the claim file produced by defendants, is appropriate and should be governed by Rule 26.  Beyond the provisions of Rule 26, no limitations on discovery are appropriate.

Defendants contend there is no proper basis to conduct discovery and the court should not permit any discovery.  *Steiner v. Hartford Life and Accident Ins.,* 2004 U.S.Dist. LEXIS 20022 (N.D.Cal. June 4, 2004); *see also Newman v. Standard Ins. Co.,* 997 F.Supp. 1276, 1280-1281 (C.D.Cal. 1998).

Some or all of these questions may be resolved if the parties are able to achieve a stipulation; please see section 3 above.

**9.    Related Cases.**

There are no related cases.

**10.    Relief.**

**Plaintiffs' request for relief:**

Ms. Jackson seeks recovery of disability benefits under the Plan pursuant to 29 USC §1132(a)(1)(B).  Based on currently available information she approximates benefits to date at $387,753.63, with benefits continuing to accrue at the approximate rate of $2,666 per month.  Ms. Jackson seeks equitable and injunctive relief as well, including the imposition of an equitable surcharge in her favor against Prudential's account in an amount sufficient to compensate her for out-of-pocket losses occasioned by Prudential's acts and omissions.  Ms. Jackson also seeks pre- and post-judgment interest, and reasonable attorney fees pursuant to 29 USC §1132(g).

**Defendants' Response:**

Plaintiff is not entitled to receive additional and future long term disability benefits under the terms of the Plan.  Under the Plan, plaintiff is only entitled to benefits so long as she is disabled.  The court cannot make any determination of future benefits because of the availability of employment for plaintiff within her occupation and purported limitations.

Defendants contend Ms. Jackson may not seek or secure any recovery on account of equitable and injunctive claims in this matter, including the imposition of an equitable surcharge in her favor against Prudential's account in an amount sufficient to compensate her for out-of-pocket losses occasioned by Prudential's alleged acts and omissions.

**11.    Settlement and ADR.**

The parties agree to court-sponsored mediation assignment.

**12.    Arbitration or Magistrate Assignment.**

The parties do not believe this matter is appropriate for arbitration, and they decline to stipulate to trial by magistrate.

**13.    Narrowing of Issues.**

See section 4, motions.

**14.    Trial.**

The parties anticipate a bench trial, or alternatively cross-motions for judgment under Rule 52, the hearing for which should be completed within one day.

Ms. Jackson contends the court should consider and weigh all relevant evidence, within and without the claim file produced by defendants.

Defendants contend the court should only consider the Administrative Record and do not anticipate calling live witnesses or experts, and any testimonial evidence presented will in

the form of declarations.  However, defendants reserve their right to call live witnesses or experts if the court permits discovery or evidence beyond the Administrative Record, which defendants contend is impermissible under ERISA.

As discussed in section 3 above, the parties continue to discuss a potential stipulation which would resolve some or all of these questions.  However, as of the date of this statement, no stipulation has been achieved.

The parties agree trial will be to the bench.

The parties agree the matter should be decided on the parties' trial briefs and the evidence admitted by the court.  The parties request the simultaneous exchange of opening trial briefs followed by responding trial briefs for this matter.  *Kearney v. Standard Ins. Co.,* 175 F.3d 1084, 1087 (9th Cir. 1999) (*en banc).*

Thus, the parties agree the pretrial filings normally required, such as pretrial conference statements, are unnecessary.  The parties specifically request a waiver of the Rule 16 pretrial conference and related pretrial requirements, pursuant to Ninth Circuit precedent.

It is anticipated Richard Johnston will try the case for plaintiffs, and Tad Devlin will try the case for defendants.

//
//
//
//
//
//
//
//
//
//
//

1

**15.    Disclosure of Non-Party Interested Entities or Persons.**

2

None.

3

4

**16.    Other matters.**

5

None.

6

7

Dated: September 5, 2008

Gordon & Rees LLP

8

9

_____/s/_____

10

By: Tad A. Devlin
Attorney for Defendants

11

Wilson, Sonsini, Goodrich & Rosati
Long Term Disability Plan
and

12

The Prudential Insurance Company of America

13

14

15

16

Dated: September 5, 2008

17

18

_____/s/_____

19

Richard Johnston
Attorney for Plaintiffs

20

Pamela Jackson and
E. Lynn Schoenmann

21

22

23

24

25

26

27

28

JOINT CASE MANAGEMENT STATEMENT                8