IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA JACKSON and E. LYNN SCHOENMANN,<br><br>    Plaintiffs,<br><br>  v.<br><br>WILSON, SONSINI, GOODRICH & ROSATI LONG TERM DISABILITY PLAN, PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>    Defendants.<br>_____ / | No. C 08-01607 JSW<br><br>**ORDER GRANTING MOTION TO ESTABLISH *DE NOVO* STANDARD OF REVIEW** |

Now before the Court is plaintiffs Pamela Jackson and E. Lynn Schoenmann's (collectively "Plaintiffs") motion to establish *de novo* standard of adjudication. The Court finds the motion suitable for resolution without oral argument and the hearing set for January 16, 2009 is HEREBY VACATED. *See* N.D. Civ. L.R. 7-1(b).

This action arises from the denial of Plaintiffs' claim for benefits under the Long Term Disability Plan ("the Plan") through Prudential Insurance Company of American ("Prudential") provided by Ms. Jackson's employer, Wilson, Sonsini, Goodrich & Rosati LLP. Plaintiff brought this action to challenge the termination of her claim for disability benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B).

Plaintiffs bring this motion to determine the appropriate standard of review for this Court to adjudicate the termination of benefits. ERISA allows a participant in an employee benefit scheme to bring a civil action to recover benefits due under the terms of a plan. *Id*.

Courts review a denial of benefits challenged under § 1132(a)(1)(B) "under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115 (1989).  Here, there is no dispute that the Plan confers no discretion on Prudential, the insurer, or on anyone else.  Because there is no discretion vested in anyone in the Plan documents, ERISA defaults to a *de novo* standard of review.  *See Metropolitan Life Ins. Co. v. Glenn*, __ U.S. __, 128 S. Ct. 2343, 2348 (2008); *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1089 (9th Cir. 1999) (holding that absent a discretionary clause, the default standard of review of a claims determination in an ERISA policy is *de novo*).

Prudential stipulated to the *de novo* standard of review in this case, but raises the specter of whether Plaintiffs may seek discovery.  The Court finds that the issue of discovery is not properly before the Court at this time and therefore does not adjudicate the issue.

**IT IS SO ORDERED.**

Dated: November 24, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2