IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA JACKSON and E. LYNN SCHOENMANN,<br><br>    Plaintiffs,<br><br>  v.<br><br>WILSON, SONSINI, GOODRICH & ROSATI LONG TERM DISABILITY PLAN, PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>    Defendants. | No. C 08-01607 JSW<br><br>**ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT TO DETERMINE APPLICABLE PLAN DOCUMENT** |

Now before the Court is plaintiffs Pamela Jackson and E. Lynn Schoenmann's (collectively "Plaintiffs") motion for partial summary judgment to establish the applicable plan document. The Court finds the motion suitable for resolution without oral argument and the hearing set for May 22, 2009 is HEREBY VACATED. *See* N.D. Civ. L.R. 7-1(b).

This action arises from the denial of Plaintiffs' claim for benefits under the Long Term Disability Plan ("the Plan") through Prudential Insurance Company of American ("Prudential") provided by Ms. Jackson's employer, Wilson, Sonsini, Goodrich & Rosati LLP ("WSG&R"). Plaintiff brought this action to challenge the termination of her claim for disability benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B).

# ANALYSIS

**A.     Legal Standard on Motion for Summary Judgment.**

A principal purpose of the summary judgment procedure is to identify and dispose of factually unsupported claims. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323-24 (1986). Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

A party moving for summary judgment who does not have the ultimate burden of persuasion at trial, must produce evidence which either negates an essential element of the non-moving party's claims or show that the non-moving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). A party who moves for summary judgment who does bear the burden of proof at trial, must produce evidence that would entitle him or her to a directed verdict if the evidence went uncontroverted at trial. *C.A.R. Transp. Brokerage Co., Inc. v. Darden*, 213 F.3d 474, 480 (9th Cir. 2000).

Once the moving party meets his or her initial burden, the non-moving party must go beyond the pleadings and by its own evidence "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). In order to make this showing, the non-moving party must "identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). It is not the Court's task to "scour the record in search of a genuine issue of triable fact." *Id.* (quoting *Richards v. Combined Ins. Co.*, 55 F.3d 247, 251 (7th Cir. 1995)). If the non-moving party fails to make this showing, the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323.

An issue of fact is "genuine" only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). A fact is "material" if it may affect the outcome of the case. *Id.* at 248. "In considering

a motion for summary judgment, the court may not weigh the evidence or make credibility determinations, and is required to draw all inferences in a light most favorable to the non-moving party." *Freeman v. Arpaio*, 125 F.3d 723, 735 (9th Cir. 1997).

**B.    Two Versions of the Prudential Plan Documents.**

Plaintiffs bring this motion to determine which of two possible documents is the applicable plan document. Plaintiffs contend that, before the onset of her disability, WSG&R provided to Ms. Jackson a documents entitled "Your Group Benefits – Long Term Disability – Wilson Sonsini Goodrich & Rosati – Class III." (Declaration of Pamela Jackson ("Jackson Decl."), ¶ 2, Ex. A; hereinafter referred to as the "Jackson Document.")[1]  Jackson declares that WSG&R provided her with another copy of the same document the time her disability claim was initiated. (*Id.*, ¶ 2.)

On September 29, 2008, Prudential's counsel sent to Plaintiffs' counsel the administrative record. (Declaration of Richard Johnston ("Johnston Decl."), ¶ 2, Ex. A.) Prudential's submission of the administrative record contained the Jackson Document.[2] (*Id.*, ¶ 3, Ex. B.) The Jackson Document provides that a claimant need only demonstrate that they are disabled from performing the duties of their own occupation to qualify for benefits:

> "Total disability" exists when Prudential determines that all of these conditions are met:
>
> (1)    Due to Sickness or accidental Injury, both of these are true:
>        (a)    You are not able to perform, for wage or profit, the material
>               and substantial duties of your occupation.
> (2)    You are not working at any job for wage or profit.
> (3)    You are under the regular care of a Doctor.

(Jackson Decl., Ex. A at JACKSON 000016; Johnston Decl., Ex. B at PRUJ 14.)

---

[1] The Court DENIIES Prudential's objections and request to strike the declaration of Pamela Jackson and Exhibit A to that declaration. Testimony about the receipt of the operable plan documents is not hearsay, it is relevant to the issue before the Court, and is not objectionable for lack of foundation. Further, the plan document is admissible as it is necessary to determine the applicable plan document in order to conduct an adequate *de novo* review. *See Opeta v. Northwest Airlines Pension Plan for Contract Employees*, 484 F.3d 1211, 1217 (9th Cit. 2007). In addition, the Court GRANTS Prudential's requests for leave to file the additional declarations of Jenny Coppola and Tamika Williams. The Court has reviewed all the evidence received from both parties.

[2] Prudential contends the production of this document was in error. (Declaration of Tad A. Devlin, ¶ 3.)

3

The administrative record indicates that the initial approval of Ms. Jackson's long term disability claim tracked the language of the Jackson Document. On March 24, 1998, Prudential generated a note in the claim database in which the administrator tracked the language of the definition of total disability from the Jackson Document. (Johnston Decl., Ex. B at PRUJ 60.) On April 6, 1998, Prudential approved Ms. Jackson's claim and advised her that "To be eligible for Long Term Disability Benefits, you must be Totally Disabled as defined by your Policy. Policy G99605 defines Total Disability as follows..." (*Id.* at PRUJ 468.) The provision that the approval letter quoted was the exact language from the Jackson Document. (*Id.*) March 23, 1999, Prudential terminated Ms. Jackson's benefits and, once again, the termination letter cited the exact language from the provision of the Jackson Document. (*Id.* at PRUJ 107-09.)

In December 2008, however, Prudential asserted that the Jackson Document was not the applicable plan. On December 23, 2008, Prudential's counsel sent to Plaintiffs' counsel an e-mail in which he indicated that an alternate document was actually the operative benefits plan applicable to Ms. Jackson's claims in this action. (Johnston Decl., ¶¶ 4,5, Exs. C, D; Ex. D hereinafter referred to as the "Prudential Document.") The Prudential Document differs from the Jackson Document significantly in that, *inter alia*, it shifts the test for disability after two years from one requiring that the claimant be disabled not only from their own occupation but from any other occupation as well. The Prudential Document reads:

> "Total disability" exists when Prudential determines that all of these conditions are met:
>
> (1)     Due to Sickness or accidental Injury, both of these are true:
>      (a)    You are not able to perform, for wage or profit, the material and substantial duties of your occupation.
>      (b)    After the Initial Duration of a period of Total Disability [first 24 months], you are not able to perform for wage or profit the material and substantial duties of any job for which you are reasonably fitted by your education, training or experience. ...
> (2)     You are not working at any job for wage or profit.
> (3)     You are under the regular care of a Doctor.

(Johnston Decl., Ex. D at PRUJ 831.) The Jackson Document also provides generally for cost-of-living adjustments for benefits of "3% for the duration of the Disability," while the Prudential Document limits the cost-of-living increase to the lesser of one-half the annual Consumer Price Index increase for the year in questions or 6%, and also provides "no more than

4

5 such increases will be made during a period of [the claimant's] Total Disability." (*Compare* Johnston Decl., Ex. B at PRUJ 8 *with* Ex. D at PRUJ 827.)

**C.      Determination of the Applicable Plan.**

Citing *Banuelos v. Construction Laborers' Trust Funds for Southern California*, Plaintiffs contend that the document most favorable to Mr. Jackson must be deemed the effective plan document. 382 F.3d 897, 904 (9th Cir. 2004). In *Banuelos*, the court held that "[c]ourts will generally bind ERISA defendants to the more employee-favorable of two conflicting documents – even if one is erroneous. *Id.* (citing *Bergt v. Ret. Plan for Pilots Employed By MarkAir, Inc.*, 293 F.3d 1139 (9th Cir. 2002). In *Banuelos*, the underlying pension plan, according to the defendant trustees, required a minimum of 10 credited years of service for a vested pension. *Id.* at 900. In "a separate lawsuit involving a different worker," however, "Banuelos's attorney received from the Trust a copy of the apparently then-applicable pension plan." *Id.* This version of the plan only required five years of credited years of service to vest. *Id.* at 900-01. The difference was determinative and the Ninth Circuit reversed and vacated the decision of the district court to exclude the five-year plan on the basis that

> Any burden of uncertainty created by careless or inaccurate drafting ... must be placed on those who do the drafting, and who are most able to bear that burden, and not on the individual employee, who is powerless to affect the drafting of the summary or the policy and ill equipped to bear the financial hardship that might result from a misleading or confusing document. Accuracy is not a lot to ask.

*Id.* at 904 (citations omitted).

Prudential argues that the difference between the two plan documents is immaterial because, at the time her benefits were terminated, Ms. Jackson had not passed the two-year mark where the difference in determining benefits would be material. The Court finds this contention unpersuasive as the documents differ in ways that may affect the outcome of Plaintiffs' claim before this Court. Second, Prudential contends that Ms. Jackson failed to raise the issue of the mistaken plan document during administration of her claim and is therefore barred from raising it before this Court. However, the Court finds that the ERISA exhaustion requirement only implicates a remedy exhaustion, not necessarily issue exhaustion. *See Vaught v. Scottsdale Healthcare Corp. Health Plan*, 546 F.3d 620, 629-631 (9th Cir. 2008). Lastly,

Prudential contends that there has not been any amendment and that the applicable plan document is simply the Prudential Document. Whether there has been an amendment or whether the process of amending the plan documents was legitimate is irrelevant. However, Prudential simply stating that the Prudential Document is the applicable plan does not make it so.

Here, there are clearly two possible plan documents and one is favorable to the employee. The Court remains unpersuaded by the contrary arguments by Prudential and finds that the favorable document, the Jackson Document, is the applicable ERISA plan document for the purpose of this case. *See Banuelos,* 382 F.3d at 904. Accordingly, Plaintiffs' motion for summary judgment is GRANTED.

**IT IS SO ORDERED.**

Dated: May 20, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE